# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE MAE LINDSEY,**

                  Plaintiff,

        -vs-                                      Case No. 12-C-312

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security Administration,**

                  Defendant.

# DECISION AND ORDER

Willie Mae Lindsey suffers from major depressive disorder and alcohol use disorder. In the past, she worked as a self-employed salesperson and a school bus driver. The Commissioner of Social Security denied Lindsey's application for Social Security Disability benefits pursuant to an Administrative Law Judge's finding that Lindsey has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: an inability to maintain the attention and concentration necessary for detailed or complex tasks.

In assessing Lindsey's credibility, the ALJ stated that after "careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity

assessment." R. 128. According to the Seventh Circuit, this "template" is nothing more than "meaningless boilerplate." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). The appearance of this boilerplate does not necessarily require a remand. However, when an ALJ denies benefits, he must build an accurate and logical bridge from the evidence to his conclusion. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003). The ALJ's opinion is deficient in this regard.

The ALJ described Lindsey's testimony that "she is frequently stressed out, has crying spells and is depressed, and that her inabilities to lift more than twenty pounds, climb stairs, finish tasks and bend are adversely affected. At the hearing, the claimant stated that at one point since her alleged onset date, she stayed in bed for one year because of stress and depression. However, there is no objective evidence to support the claimant's alleged limitations." R. 127. An ALJ "may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995). Moreover, the ALJ did not explain whether the purported lack of objective evidence meant that he disbelieved Lindsey's assertion that she was bed-ridden for a year, or that he disbelieved other portions of her testimony.

The ALJ continued by describing Lindsey's daily activities.

> The record shows that the claimant performs daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. For example, the claimant is raising five grandchildren, one of whom has attention deficit hyperactivity disorder. With an alleged onset date of disability as June 1, 2008, the claimant reported on September 9, 2008 that she had been driving a bus for thirteen hours a day and raising her five grandchildren. At the hearing, the claimant testified that she

> sometimes cares for five to seven grandchildren. It is noted that caring for young children at home can be quite demanding physically and emotionally, yet the claimant is able to do this. Moreover, the claimant lives with her friend, does not need any special reminders to take care of personal needs, groom or take medications, prepares simple meals, does housecleaning and laundry albeit at a slower pace, drives, can go out alone, goes to church, shops for food, clothes and household items, is able to count change, handle a saving account, use a checkbook/money orders, gets along with authority figures and is able to follow written and spoken instructions.

R. 127-28. It is well-established in the Seventh Circuit case law that "minimal daily activities . . . do not establish that a person is capable of engaging in substantial physical activity." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ may have thought Lindsey's activities were "quite demanding," but there is a critical difference between "activities of daily living and activities in a full-time job . . . a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Bjornson*, 671 F.3d at 645. The record reflects that Lindsey needed help from neighbors and family members in caring for her grandchildren.

The ALJ continued by observing that Lindsey received unemployment benefits in the second quarter of 2008 through the first quarter of 2010, and that "in order to receive unemployment benefits, an individual must certify that he/she is able to work and is seeking employment on a weekly basis. Thus, the claimant submitted certified statements on a weekly basis to the State of Wisconsin that she was capable of working and was actively

-3-

seeking employment from April 2008 through at least January 2010." R. 128. Here, the ALJ seemed to presume that the ability to work for UC purposes precludes a finding of disability under social security law. This is incorrect. "Receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled. *See* 20 CFR 404.1512(b) and 416.912(b)." ECF No. 10-1, August 9, 2010 Letter from Frank A. Cristaudo, Chief Administrative Law Judge to all Administrative Law Judges. Moreover, Lindsey testified at the hearing that she was not required to report or look for work because school bus drivers get unemployment every summer. R. 93. Accordingly, Lindsey wasn't actively seeking any type of work, much less work with "physical demands in excess of [her] alleged limitations . . ." Cristaudo Letter.

Accordingly, the ALJ's RFC finding is not supported by substantial evidence because he failed to adequately explain why he discounted Lindsey's testimony. "Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996).

**IT IS HEREBY ORDERED THAT** the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 4th day of December, 2012.

                                          **BY THE COURT:**

                                          _____
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**